PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| REGAN EASTERBROOK KIRKLAND, | ) | |
| | ) | CASE NO. 5:20CV2480 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF No. 19] |

The assigned magistrate judge issued a Report and Recommendation (ECF No. 18) reversing Defendant's final decision that Plaintiff was not disabled and therefore not entitled to Disability Insurance Benefits ("DIB") and remanding this matter for further proceedings. Defendant objects to the Report and Recommendation, arguing that Defendant's final decision should be affirmed. ECF No. 19. Plaintiff responded in opposition to the objections. ECF No. 20.

For the reasons below, Defendant's objections (ECF No. 19) are overruled and the Report and Recommendation (ECF No. 18) is adopted.

**I. Background**

Plaintiff filed an application for DIB that was initially denied. After the denial, Plaintiff requested, and was granted, a hearing before an administrative law judge ("ALJ"). After considering testimony from Plaintiff and an impartial vocational expert, the ALJ issued a written decision concluding that Plaintiff was not disabled, and therefore ineligible for DIB. The

(5:20CV2480)

Appeals Council denied Plaintiff's request for review, and the ALJ's decision become Defendant's final decision.

Plaintiff, citing lack of substantial evidence, sought review of Defendant's final decision, arguing that reversal and remand was appropriate. ECF No. 1. The assigned magistrate judge recommended Defendant's final decision be reversed and this matter be remanded for further proceedings because (1) "the ALJ's conclusory statements and vague reference to Plaintiff's ability to complete activities of daily living, without explaining what [activities of daily living] and records were considered, is inadequate to permit meaningful judicial review of the ALJ's findings[,]" and (2) "the mere fact Plaintiff could perform activities of daily living in her home and attend appointments does not automatically establish effective ambulation." ECF No. 18 at PageID #: 1862 – 1863.

## II.  Discussion

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a de novo review of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). Objections to the Report and Recommendation must be specific, not general, to focus the court's attention upon contentious issues. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes "whether [the Commissioner's] decision is supported by substantial evidence and was made pursuant to proper legal standards." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007); see also 42 U.S.C. § 405(g). The court's review of the Commissioner's decision in the case at bar is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ. Hephner v. Mathews, 574 F.2d 359, 362 (6th Cir. 1978). Substantial evidence is more than a mere scintilla of

(5:20CV2480)

evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would have decided the matter differently. *Cutlip v. Secretary of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983)). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.

An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id*. (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). In determining whether substantial evidence supports the ALJ's findings in the instant matter, however, the court must examine the record as a whole and consider what fairly detracts from its weight. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).

For the Commissioner to find that a plaintiff suffers from a disability for which she should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

3

(5:20CV2480)

of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

 Defendant objects to the assigned magistrate judge's decision that the ALJ failed to evaluate Plaintiff's impairment because "[s]ubstantial evidence, including the objective medical findings and the prior administrative medical findings of the state reviewing physicians, supports the ALJ's finding that Plaintiff had no impairment that met or were medically equivalent to any Listing." ECF No. 19 at PageID #: 1866. As support, Defendant further argues that (1) Plaintiff only made conclusory allegations, without specific medical findings, that her impairments met Listings 1.02 and 1.03 (*Id*. at PageID #: 1867), (2) at worst, any omitted restatement of the ALJ's rationale amounts to harmless error because the ALJ provided sufficient articulation of the evidence supporting his findings, particularly referencing that (i) two state reviewing physicians found that Plaintiff's impairments did not meet or medically equal a Listing, (ii) Plaintiff's ability to ambulate effectively, and (iii) a third-party function report indicating Plaintiff's activities of daily living (*Id*. at PageID #: 1867 – 1869), and (3) Plaintiff's knee examinations show tenderness in both knees, full strength in both ankles, full range of motion in the bilateral hips, and also, despite complaining about knee pain, Plaintiff declined intervention including physical therapy, exercise, and discontinued opioids (*Id*. at PageID #: 1869 – 1870).

 Defendant's overall position, objections, and supporting arguments were raised in the Merits Brief (ECF No. 16), sometimes almost verbatim. The Court sets forth Defendant's overall position and each objection below:

### A. Defendant's Overall Position

Objection to Report and Recommendation: "Substantial evidence, including the objective medical findings and the prior administrative medical findings of the state reviewing physicians, supports the ALJ's finding that Plaintiff had no impairment that met or were medically equivalent to any Listing[.]" ECF No. 19 at PageID #: 1866.

4

(5:20CV2480)

Defendant's Merits Brief: "Moreover, this Court should affirm the decision, because it is supported by substantial evidence … [and] the ALJ thoroughly considered the evidence of Plaintiff's impairments and accommodated limitations supported by the record evidence after considering the examination findings, treatment notes, medical opinions, and other evidence." ECF No. 16 at PageID #: 1810 – 1811.

### B. Defendant's First Objection

Objection to Report and Recommendation: "Plaintiff made only loose assertions that her impairments met Listings 1.02 and 1.03, but outside of her conclusory allegations, she failed to present specific medical findings that satisfied each element under these listings." ECF No. 19 at PageID #: 1867.

Defendant's Merits Brief: "Plaintiff loosely asserts that she met Listings 1.02 and 1.03, but fails to present specific medical findings to satisfy each element under these Listings[.] Indeed, beyond her conclusory allegations, Plaintiff fails to provide medical evidence and argument that showed she had a gross anatomical deformity of a joint, chronic joint pain and stiffness, signs of limitation of motion or other abnormal motion of the joint, and imaging showing joint space narrowing, bony destruction, or ankylosis[.]" ECF No. 16 at PageID #: 1827.

### C. Defendant's Second Objection

Objection to Report and Recommendation: "Here, at worst, any omitted restatement of the ALJ's rationale should be found harmless, because the ALJ provided more than sufficient articulation of the relevant evidence supporting his findings and explained that he found the prior administrative medical findings by the state reviewing physicians persuasive[.]" ECF No. 19 at PageID #: 1867.[1]

Defendant's Merits Brief: "In sum, the ALJ carefully evaluated all of the record evidence related to Plaintiff's impairments. Accordingly, substantial evidence supports the ALJ's decision to find that Plaintiff's impairments were not disabling." ECF No. 16 at PageID #: 1837.

---

[1] In the Merits Brief, Defendant states that "Plaintiff's Rehearing Request Should be Denied Under the Harmless Error Doctrine" (ECF No. 16 at PageID #: 1821) and lodges constitutional arguments as support. In the Objection, Defendant raises harmless error but, for support, argues that the ALJ's evaluation was sufficient, rather than levying a constitutional argument. At any rate, the argument of harmless error was raised in both the Merits Brief and the Objection but under different supporting bases. The supporting base for harmless error raised in the Objection was also raised in the Merits Brief.

(5:20CV2480)

(i)

Objection to Report and Recommendation: "In this case, both state reviewing physicians specifically addressed Listings 1.02, 1.03, and 1.04 and found that Plaintiff's impairments did not meet or medically equal a Listing[.]" ECF No. 19 at PageID #: 1867 – 1868.

Defendant's Merits Brief: "Here, the state reviewing physicians both considered Listings 1.02, 1.03, and 1.04, but did not find that Plaintiff's impairments met or were medically equivalent to any Listing[.]" ECF No. 16 at PageID #: 1829.

(ii)

Objection to Report and Recommendation: "Here, the ALJ specifically addressed the evidence concerning Plaintiff's ability to ambulate effectively, and considered medical evidence indicating that, although she used a cane post-surgery, she could ambulate effectively enough to complete her activities of daily living[.]" ECF No. 19 at PageID #: 1868.

Defendant's Merits Brief: "As the ALJ noted, Plaintiff's testimony revealed that, although she used a cane post-surgery, she could ambulate effectively enough to complete her activities of daily living and attend all appointments outside of her home[.]" ECF No. 19 at PageID #: 1828.

(iii)

Objection to Report and Recommendation: "The ALJ expressly mentioned a third-party function report, dated January 2020 … [t]his report indicated that Plaintiff's activities of daily living included feeding and caring for pets, getting her daughter to the school bus, handling after school activities and functions such as overseeing homework and her children's extracurricular activities, doing laundry, bathing, making simple meals, going to doctor appointments, going to the grocery store, and driving short distances … [t]he ALJ also noted that Plaintiff could handle her own medical care and handle her personal and hygiene needs." ECF No. 19 at PageID #: 1868.

Defendant's Merits Brief: "[Plaintiff's] husband's January 2020 function report, [stated that] … Plaintiff prepared simple meals three times a week for the family and was mostly independent in her personal care []. Similarly, [Plaintiff's husband] reported that [Plaintiff] went to medical appointments and made small grocery runs []. [Plaintiff's husband] further reported that [Plaintiff] drove a car, could go out alone, and went to stores[.]" ECF No. 16 at PageID #: 1835 – 1836.

**D. Defendant's Third Objection**

Objection to Report and Recommendation: "Further, the R&R appears to overlook the objective medical evidence that the ALJ expressly mentioned in the decision []. In particular, the ALJ noted that Plaintiff's knee examinations show tenderness out

6

(5:20CV2480)

>of proportion to palpation in the left knee and tenderness to palpation in the medial, lateral and anterior portion of the right knee, full strength in the bilateral ankles, and full range of motion in the bilateral hips without difficulty []. The ALJ further noted that, despite her complaints of continued left knee pain, Plaintiff declined any intervention including physical therapy and exercises and discontinued opioids []."
>ECF No. 19 at PageID #: 1869 – 1870.

>Defendant's Merits Brief: "Further, the ALJ noted that May 2018 knee examination showed tenderness that was considered out of proportion to palpation in several parts of the left knee []. Moreover, the ALJ observed that Plaintiff was not interested in any intervention, including physical therapy and exercises, and discontinued medications, despite continued complaints of left knee pain []. She received injections for right knee pain []." ECF No. 16 at PageID #: 1833 – 1834.

The Court will now collectively address the objections because they are each overruled for the same reason. Objections to a magistrate judge's Report and Recommendation must be more than simply a rehashing of arguments previously before the Court. *United States v. Dawson*, No. 4:19-CR-206, 2020 WL 109137, at *1 (N.D. Ohio Jan. 9, 2020) (stating that "[t]he Court need not afford de novo review to objections which merely rehash arguments presented to and considered by the Magistrate Judge"). Indeed, Defendant's objections and supporting contentions do "nothing more than restate an argument previously presented [and] a disagreement with [the] magistrate judge's suggested resolution." *Austin v. Comm'r of Soc. Sec.*, No. 1:19-CV-2380, 2021 WL 1540389, at *4 (N.D. Ohio Apr. 19, 2021) (quoting *Howard*, 932 F.2d at 509).

Defendant's general complaint "'has the same effects as would a failure to object.'" *Austin*, No. 1:19-CV-2380, 2021 WL at *4 (quoting *Howard*, 932 F.2d at 509). A "general objection is treated as no objection at all and results in only clear error review" of the Report and Recommendation. *Allgood v. Shoop*, No. 1:19-CV-02808, 2021 WL 2116280, at *1 (N.D. Ohio May 25, 2021) (citing *Travis v. Smith*, No. 1:09 CV 2187, 2011 WL 1431319, at *1 (N.D. Ohio Apr. 14, 2011)). After careful review, the Court finds no clear error. Defendant has not made

7

(5:20CV2480)

proper objections to the magistrate judge's well-reasoned recommendation.  *See e.g.*, *Davenport v. Comm'r of Soc. Sec.*, No. 1:19CV1206, 2020 WL 5569620, at *2 (N.D. Ohio Sept. 17, 2020) (rejecting plaintiff's objections because her objections simply restate arguments presented to the magistrate judge); *Frantz v. Comm'r of Soc. Sec.*, No. 4:17CV1505, 2019 WL 428525, at *1 (N.D. Ohio Feb. 4, 2019) (overruling plaintiff's objections because they simply raised the "same argument that was rejected by" the magistrate judge's Report and Recommendation).  Therefore, each of Defendant's objections are overruled.

### III.  Conclusion

For the reasons above, Defendant's objection (ECF No. 19) is overruled.  The Report and Recommendation (ECF No. 18) is adopted.  Judgment will be entered in favor of Plaintiff through a separate Judgment Entry.

IT IS SO ORDERED.


 March 4, 2022                                          /s/ *Benita Y. Pearson*
 Date                                                        Benita Y. Pearson
                                                             United States District Judge